NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARIM TAHIR G., <br><br> Petitioner, <br><br> v. <br><br> STEVEN AHRENDT, <br><br> Respondent. | Civil Action No. 18-17175 (ES) <br><br> OPINION |

**SALAS, DISTRICT JUDGE**

Petitioner Karim Tahir G. ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Etowah County Detention Center in Gadsden, Alabama. On April 5, 2018, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his prolonged detention during his removal proceedings. (D.E. No. 1, "Petition"). For the reasons stated below, the Court will grant the Petition.

**I.   BACKGROUND**

Petitioner is a citizen and national of Jamaica, who arrived in the United States in New York, New York in 1994. (D.E. No. 37-9, "Amended Petition" or "Am. Pet.", ¶ 26). On March 23, 2005, Petitioner was convicted in New York Supreme Court of criminal possession of a loaded firearm. (D.E. No. 29-3 at 3). He was sentenced to one year of imprisonment. (*Id.*). On December 1, 2009, Petitioner was convicted by a jury in the United States District Court for the Eastern District of New York for various offenses involving crack cocaine, cocaine and firearms.

(D.E. No. 29-4 at 2). Petitioner was sentenced to 20 years imprisonment. (*Id.* at 3). After several appeals to the Second Circuit, on October 26, 2016, the Eastern District of New York ultimately resentenced Petitioner to time served. (D.E. No. 29-8).

Petitioner was detained by ICE on October 27, 2016. (D.E. No. 29-2). On the same day, he was served with a Notice to Appear charging him with removability from the United States pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id.*). On December 12, 2016, Petitioner appeared, with counsel, for a master calendar hearing and bond hearing[1] before an immigration judge. (D.E. No. 29-1, "Burgus Decl.", ¶ 3). The master calendar hearing was adjourned to January 10, 2017 and the bond hearing was adjourned to April 5, 2017 to allow Petitioner time to prepare. (*Id.*). On January 10, 2017, the immigration court further adjourned the master calendar hearing to February 7, 2017. (*Id.* ¶ 4). On February 7, 2017, Petitioner filed an application for relief from removal and that was adjourned to April 26, 2017 to allow him time to prepare. (*Id.* ¶ 5).

On April 5, 2017, Petitioner appeared with counsel for a bond hearing before an immigration judge, and the immigration judge made no change to Petitioner's status. (*Id.* ¶ 6; D.E. No. 29-9). On April 12, 2017, Petitioner's counsel filed a motion to withdraw representation in the immigration court. (Burgus Decl. ¶ 7). On April 26, 2017, Petitioner appeared with counsel for a master calendar hearing, and the immigration judge granted Petitioner counsel's motion to withdraw. (*Id.* ¶ 8). Petitioner's master calendar hearing was adjourned to June 30, 2017 to allow him time to prepare. (*Id.*). Also on April 26, 2017, Petitioner appeared for a bond hearing, but the immigration judge made no change. (*Id.* ¶ 9). On June 28, 2017, Petitioner filed

---

[1] The "bond hearing" does not appear to have been an actual bond hearing, but rather a *Joseph* hearing, *see Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999), to determine whether he was properly detained under § 1226(c). (Am. Pet. ¶ 3).

a motion for a continuance with the immigration court, and the immigration judge granted the motion and rescheduled the June 30, 2017 master calendar hearing to July 18, 2017. (*Id.* ¶ 10). On July 18, 2017, Petitioner appeared at the master calendar hearing with counsel, and the immigration court scheduled the matter to a hearing on the merits of the applications for relief on September 8, 2017. (*Id.* ¶ 11). On that date, the immigration court rescheduled the hearing to September 15, 2017 at the joint request of the parties. (*Id.* ¶ 12).

On September 15, 2017, Petitioner appeared for his individual hearing on the merits of his applications for relief. (*Id.* ¶ 13). At the conclusion of the hearing, the immigration judge denied Petitioner's application for relief and ordered him removed. (*Id.*; Answer, Ex. I, September 15, 2017 Immigration Court Order). On October 12, 2017, Petitioner appealed the decision of the immigration judge to the Board of Immigration Appeals ("BIA"). (Burgus Decl. ¶ 14). On March 5, 2018, the BIA issued a decision dismissing Petitioner's appeal and affirming the decision of the immigration judge. (D.E. No. 29-11).

On March 20, 2018, Petitioner filed a petition for review with the Second Circuit. (*See Golding v. Barr*, Docket No. 18-772). On April 10, 2018, Petitioner filed a motion to reconsider with the BIA. (Burgus Decl. ¶ 15). On November 16, 2018, the BIA denied the motion for reconsideration. (D.E. No. 29-12). On February 15, 2019, Petitioner filed a motion to reopen with the BIA. (Burgus Decl. ¶ 16). On May 9, 2019, the Second Circuit granted Petitioner's motion for a stay of removal. (D.E. No. 29-13).

While his proceedings were ongoing in immigration court, on April 5, 2018, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention during his immigration proceedings before the United States District Court for the Southern District of New York. (Petition at 1). On December 6, 2018, the District Court for the Southern

District of New York transferred the Petition to this Court. (Docket Entry dated December 6, 2018 between D.E. No. 19 and D.E. No. 20).

On February 19, 2019, this Court entered an order to answer, requiring Respondent to respond to the Petition within 45 days. (D.E. No. 21). Petitioner thereafter submitted a *pro se* motion to amend the Petition (D.E. No. 23, "Motion to Amend"). His initial Petition challenged his mandatory detention status under 8 U.S.C. § 1226(c), arguing that he should be detained pursuant to 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing. (*Id.*). In his Motion to Amend, Petitioner argued that he is entitled to a hearing pursuant to *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018) because he has been subject to a final order of removal since March 2018. (*Id.*).

On May 24, 2019, Respondent filed the Answer to the Petition. (D.E. No. 29, "Answer"). In the Answer, Respondent acknowledged that Petitioner had been subject to a final order of removal and scheduled for a hearing pursuant to *Guerrero-Sanchez*. (*Id.*). However, before the hearing took place, the Second Circuit entered a stay in Petitioner's immigration case, thereby reverting him to pre-removal-order detention under § 1226(c). (*Id.*). Because he was once again subject to mandatory detention, and his continued detention is not so prolonged and unreasonable that it amounts to an arbitrary application of section 1226(c) and a violation of the due process clause, Respondent argues that his Petition should be denied. (*Id.*).

Counsel thereafter entered an appearance on behalf of Petitioner and submitted a reply. (D.E. No. 32, Reply). Petitioner argues that his detention has become prolonged and unreasonable and therefore he is entitled to a bond hearing. (*Id.*).

On July 11, 2019, Petitioner filed a "Motion to Compel Joinder of Necessary Parties Pursuant to Rule 19, Fed. R. Civ. P." (D.E. No. 36, "Joinder Motion"). In his Joinder Motion,

4

Petitioner is seeking to add several additional parties because "the claims asserted by Petitioner necessarily implicate these additional Respondents, since they are the parties that would need to take action in order for him to be scheduled for and appear at a custody review hearing, as he has requested in his petition for a writ of habeas corpus." (*Id.* at 1). Respondent opposes Petitioner's request to join additional respondents, arguing that before transferring this matter to the District of New Jersey, the United States District Court for the Southern District of New York found that the warden of Bergen County Jail is the proper respondent in this matter. (D.E. No. 39). Respondent further argues that jurisdiction remains with this Court even after Petitioner has been transferred, thereby rendering Petitioner's request unnecessary.[2] (*Id.*).

The following day, Petitioner filed a second motion to amend the Petition. (D.E. No. 37, "Second Motion to Amend"). In that motion, Petitioner is seeking to include two additional grounds for relief: he was subjected to an illegal arrest when he was detained by U.S. Marshals and/or U.S. Bureau of Prisons, based on an ICE detainer; and his re-arrest by U.S. Marshals pursuant to an ICE detainer also violated the Fifth Amendment due process clause.[3] (*Id.*).

---

[2] Petitioner's Joinder Motion is denied without prejudice. When transferring this matter to the District of New Jersey, the Southern District of New York already found that Steven Ahrendt, the warden of Bergen County Jail, was the sole proper respondent because Petitioner was detained here at the time of filing. (D.E. No. 19 at 6). As such, that portion of Petitioner's Joinder Motion has already been adjudicated. Moreover, the Joinder Motion was also based on the fact that Petitioner was being held at LaSalle Detention Facility. (*Id.* at 4, 6, 8–10). However, because Petitioner is now being detained at Etowah County Detention Center in Alabama, his joinder request regarding the LaSalle Detention Facility is moot. Consequently, to the extent not already decided by the Southern District of New York, Petitioner's request will be denied without prejudice. If Respondent is unable to effectuate the bond hearing as ordered in this Opinion, Petitioner may renew his Joinder Motion.

[3] Previously, the Court entered an Order instructing Petitioner to advise whether he would like the Court to rule on his pending Second Motion to Amend or to enter an opinion granting his original Petition and deeming his Second Motion to Amend withdrawn. (D.E. No. 40). Petitioner responded and advised that he wanted the Court to grant the original Petition, and he was withdrawing his Second Motion to Amend. (D.E. No. 41). Therefore, Petitioner's Second Motion to Amend (D.E. No. 40) is deemed withdrawn.

## II. JURISDICTION

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (i) the petitioner is "in custody;" and (ii) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (i) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49–95, 500 (1973); and (ii) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

## III. DISCUSSION

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-

6

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
>> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Here, both parties agree that Petitioner is detained pursuant to § 1226(c) because the Second Circuit has entered a stay of his removal. *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012).

In *Demore v. Kim*, the Supreme Court determined that § 1226(c) was facially constitutional as "[d]etention during removal proceedings is a constitutionally permissible part of that process." 538 U.S. 510, 531 (2003). In reaching this conclusion, the Supreme Court noted that in most cases detention under the statute lasted only a month and a half and that even in cases where an appeal was taken to the BIA, detention pursuant to § 1226(c) lasted an average of four months,

7

indicating that detention under the statute was often brief and had a defined beginning and end point at the conclusion of removal proceedings. *Id.* at 529. Because the Supreme Court found the statute constitutional, it rejected the petitioner's challenge even though the petitioner had spent a period of approximately six months in detention. *Id.* at 530. Thus, after *Demore*, detention for less than six months was insufficient to support an as-applied challenge to detention under the statute.

In *Diop*, the Third Circuit considered whether a petitioner was entitled to a bond hearing nearly three years into his detention under § 1226(c). 656 F.3d at 223–26. The Third Circuit held that "when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.* at 233. The Third Circuit emphasized that *Demore* relied on the fact that "mandatory detention pursuant to § 1226(c) lasts only for a 'very limited time' in the vast majority of cases," and, therefore, the result in *Demore* "may well have been different" if the petitioner's detention had been "significantly longer than the average." *Diop*, 656 F.3d at 233–34 (quoting *Demore*, 538 U.S. at 529 & n.12). The Third Circuit thus interpreted § 1226(c) to "contain[ ] an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." *Id.* at 235. Beyond that point—which can be determined only by a "fact-dependent inquiry," *id.* at 233—the statute "yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose," *id.* at 235.

In *Chavez-Alvarez*, the Third Circuit again determined that § 1226(c) should be read to contain an implicit reasonableness limitation, and that detention beyond the point of reasonableness absent a bond hearing would be unconstitutional. 783 F.3d at 475. The Third

Circuit further held that, absent bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe considered by *Demore* and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478.

In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that 1226(c) did not authorize prolonged detention without a bond hearing. 138 S. Ct. 830 (2018). Applying the canon of constitutional avoidance, the Ninth Circuit had construed § 1226(c) to require an automatic bond hearing before the immigration judge at six months of detention. *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078–85 (9th Cir. 2015). The Court rejected the lower court's "implausible construction" and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention becomes prolonged. *Id.* at 842–47, 851. As such, the Court in *Jennings* expressly declined to consider the issue of whether unreasonably prolonged or indefinite detention under § 1226(c) comports with constitutional due process requirements. *See Lopez v. Sessions*, No. 18-4189, 2018 WL 2932726, at *13 (S.D.N.Y. June 12, 2018) ("The Court did not reach the merits of the constitutional challenge before it, instead holding that there was no statutorily-guaranteed right to 'periodic bond hearings' under Sections 1225(b) and 1226(c)."). Post-*Jennings*, a petitioner may still bring an as-applied challenge to his prolonged detention. *See Dryden v. Green*, 321 F.Supp.3d 496, 501 (D.N.J. 2018) (finding that as-applied challenges remain viable post-*Jennings*).

*Jennings* abrogated the Third Circuit's holdings in *Diop* and *Chavez-Alvarez* to the extent those decisions rely on constitutional avoidance and read an implicit limitation of reasonableness into § 1226(c). Although the Third Circuit has not yet provided explicit guidance to lower courts

9

regarding post-*Jennings* challenges to prolonged detention under § 1226(c), it stated in dicta that "*Jennings* did not call into question our constitutional holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (finding that the reasonableness inquiry it performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)). Courts in this district have found that "the post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*." *See Glennis H. v. Rodriguez*, No. 18-16439, 2019 WL 2866069, at *2 (D.N.J. July 2, 2019) ("Whether detention under § 1226(c) is constitutional continues to be a function of the length of the detention, whereby the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues. Thus, at some point, detention under § 1226(c), in an individual case, may become so unreasonable as to amount to an arbitrary deprivation of liberty in violation of the Due Process Clause") (internal citations and quotation marks omitted).

Here, Petitioner has been detained for over three years and argues that his continued detention under § 1226(c) without a bond hearing is a violation of the Due Process clause. (Reply at 2). Respondent acknowledges that Petitioner may still make an as-applied challenge to his prolonged detention, but argues that Petitioner's detention has not become unreasonably prolonged and the length of his detention is the result of Petitioner's challenges to his removal and not the fault of the Government. (Answer at 10).

The length of Petitioner's detention substantially exceeds the outer time limitation of one year set forth in *Chavez-Alvarez*.[4] As a general matter, courts in this District have found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c)

---

[4] This is true even if the Court looks only at the time Petitioner has been detained pursuant to § 1226(c).

detention post-*Jennings*. *See*, *e.g.*, *Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Glennis H.*, 2019 WL 2866069, at *3 (21 months); *Pryce v. Green*, No. 18-3501, 2019 WL 2118785 (D.N.J. May 15, 2019) (22 months); *Oscar B. v. Warden, Essex Cty. Corr. Facility*, No. 18-11524, 2019 WL 1569822, at *3 (D.N.J. Apr. 10, 2019) (16 months); *Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months); *Carlos L. C. v. Green*, 2019 WL 1110388, at *3 (D.N.J. Mar. 11, 2019) (27 months); *but see Selvin M. R. v. Green*, 2019 WL 981651, at *3 (D.N.J. Feb. 27, 2019) (finding that detention for 14 months that is largely the result of his own requests for continuances or other delays in his proceedings did not justify habeas relief).

Here, the Court need not decide whether detention for six months to a year (or slightly over a year) is unreasonable, as Petitioner has been detained for approximately three years, well beyond the one-year outer limit set forth in *Chavez-Alvarez*. *See* 783 F. 3d at 478. Though Respondent has argued that the length of detention is attributable to Petitioner because he has been actively litigating his case in immigration court (Answer at 10), notably, Respondent has not argued that Petitioner is acting in bad faith or lacks viable challenges to his removal. To the contrary, as discussed above, the Second Circuit granted him a stay; appointed counsel in his case; and scheduled oral argument, which suggests a viable challenge. Because Petitioner has been detained well beyond the outer limit set forth in *Chavez-Alvarez*, and there is no evidence of Petitioner's bad faith, the Court finds that his detention has become unreasonably prolonged such that due process requires that Petitioner be afforded an individualized bond hearing before an immigration judge. That bond hearing shall be conducted pursuant to the procedures and

standards outlined in *Diop*. *See Borbot*, 906 F.3d at 279 (noting that *Diop* places the burden of proof on the government in § 1226(c) cases).

**IV.     CONCLUSION**

For the foregoing reasons, the Petition is granted.[5]   An appropriate order follows.


                                                    *s/ Esther Salas*
                                                    **Esther Salas, U.S.D.J.**

---

[5] Petitioner also recently requested that the Court order Petitioner be returned to New Jersey from Alabama for the bond hearing. (D.E. No. 42). Petitioner makes his request because "[t]here are frequently technical issues with the audio-video connection between Etowah and the Elizabeth, NJ Immigration Court, and this could pose an issue for his bond hearing." (*Id.* at 1).  The Court will deny his request at this time.  To the extent connection issues cause his bond hearing to be delayed for an unreasonable amount of time, counsel may re-raise this request.